IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS DANIEL VEITCH,<br>AIS #180586,<br><br>    Plaintiff,<br><br>v.<br><br>D. K. CORKRAN., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO. 2:08-CV-43-MEF<br>)                          [WO]<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Thomas Daniel Veitch ["Veitch"], a state inmate, complains that an officer for the Montgomery Police Department used excessive force against him during his arrest on October 26, 2006. Veitch names D. K. Corkran, Art Baylor and the Montgomery Police Department as defendants in this cause of action.

Upon review of the complaint, the court concludes that Veitch's claims against the Montgomery Police Department are due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

A city police department "is not a legal entity and, therefore, is not subject to suit

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Veitch's claims against the Montgomery Police Department are due to be summarily dismissed. *Id.*

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Montgomery Police Department be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Montgomery Police Department be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against defendants Corkran and Baylor, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before February 14, 2008 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 1st day of February, 2008.


                      /s/Terry F. Moorer
                      TERRY F. MOORER
                      UNITED STATES MAGISTRATE JUDGE