In The United states District Court for
The Middle District of Alabama
Northern Division

Thomas Daniel Veitch
AIS180586
      <u>Plaintiff</u>
      vs
D. K. Corkran, et al.
      <u>Defendant</u>

Case No. 2:08-cu-0043 MEF
Plaintiff's esponse to Defendant's
written report and answer
As Per Rule 7a(FRCVP)

Comes now Thomas Daniel Veitch pro se in reponse to
defendant's written report and answer filed 3/13/2008
Document 14

Plantiff's response to defendant's written report filed with the court on March 13th, 2008 (Document 14)
<u>Heading I Plaintiff's Complaint Pg 1</u>

1. Plaintiff Thomas Veitch 180586 agrees with the statements made in paragraph 1 of Heading I in defendant's written report.

2. <u>Paragraph 2 of heading I, Plaintiff's compaint of written report reponse, Pg. 1,</u> the facts stated in Plaintiff's original complaint make it clear that said act of violence by Cpl. D.K. Corkran perpatrated on Plaintiff Thomas Veitch occoured immediatly after the arrest of plantiff Thomas Veitch.

3. <u>Plaintiff agrees to the facts stated in Heading II Defendant's Reponse subsection A Facts in paragraph I and II.</u>

4. <u>Plaintiff does not agree with the statements of fact in paragraph III of Defendent's response subsection A Facts page 3</u> in that when Cpl D. K. Corkran had finished handcuffing plaintiff Thomas Veitch and got off plantiff's back, Cpl D.K. Corkran took a step back and kicked Plaintiff Thomas Veitch with his right boot on Plaintiff's right side, upper right rib cage high under Plaintiff's right arm. This unnessesary, malicious, unlawful attack on the Plantiff, fractured two ribs. At this point Cpl D K Corkran's got back on the plantiff's back and stated I quote, "I'll kill you, I don't give a f__k about you"

5. <u>Plaintiff agrees to the truth of paragraphs IV and V of Defendent's written response subsection A facts.</u>

6. <u>Plantiff's response to subsection B, heading Law, page 4</u>: Any act or practice which violates 8th amendment aslo violates a person's 14th Amendment rights to due process of pretrial detainees. Detainee does not have to demonstrate that officials acts were unnecessary and deliberate or wanton, or intententinally reckless or wrongful to consider constitutional deprivation. The due process clause prevents any punishment; <u>Green vs Baron 1989 CA 8 IoqA 879 f2D 305.</u> and <u>matzker vs Herr 1984 CA7 III 748 F2d 1142.</u>

7. <u>Plantiff's response to paragraph II under heading subsection B, Law Page 5.</u> As plantiff states in his sworn affidavit the assault by the defendant occurred immediately after arrest, while plantiff was laying prone, face down, hand cuffed, offering no resistance. This act constitutes an assault 2nd degree, a crime under the <u>Criminal Laws of Alabama 2004 edition 13A-6-21</u> which thereby nullifys the argument by defendant. All persons are

protected equally under the law by the 14th Amendment against assault by any other person. The purpose of the equal protection clause in the Federal Constitution is to rest rights of all person's upon the same rule under similar circumstances. <u>Frost vs Corp Com. of Oklahoma 1929 278 US 515 73 L Ed 483, 49S c+ 235.</u>

8. <u>Plaintiff's response to paragraph III Page 5</u>. As the crime of assault 2nd degree was inflicted on Plaintiff immediatly after the arrest ended and pretrial detainment had began. Because a crime was committed, the issue of whether the Plaintiff was an arrestee or a pretrial detainee is no longer at issue as both his 8th and 14th Amendment rights were violated as a person who is a citizen of the United States of America, therefore this paragraph's arguments hold no merit.

9. <u>Plantiff's response to subsection I, Fourth Ammendment heading page 5.</u> As plantiff's claim that the assault happenned after arrest while being detained this paragraph's arguments have no merit.

<u>Planitiff's response to paragraph II subsection I, Fourth Amendment heading pages.</u> Arresting officers who strike a restrained person by kicking a person, handcuffed, lying on the ground, offering no resistance and following all commands of the arresting officer as stated by Cpl D K Corkran in his affidavit violates due process and thereby creates cause of action under <u>42 USCS 1983 Lewis vs Downs, 1985 CA 6 Tenn. 774 F 2d 711.</u>

10. <u>Plaintiff's response to paragraph III subsection 1 Fourth Amendment heading, page 6.</u> Plaintiff denies the only touching by Cpl. D. K. Corkran was in handcuffing plaintiff, defendant also physically kicked plaintiff after arrest as stated in Plantiff's affidavit..

11. <u>Plaintiff's response to subsection 2 Fourteenth Amendment heading, page 6, paragraph 2</u>. The plaintiff agrees that the case should be analyzed under the 14th ammendment clause of equal protection under the law. Equal Protection Laws is a pledge of protection of equal laws <u>1938 305 US 337, 83 LED 208 595 c+ 232 reh. den. 1939 305 US 676, 83 LED 437, 595 c+356</u>

12. <u>Plaintiff's response to paragraph 2, subsection 2, Fourteenth Amendment heading, page 6.</u> As the Defendant admits in the defendant's reponse, subsection A, Facts, page 2, paragraph 3 on page 3, and in subsection 2 Fouteenth Amendment heading, page 7, paragraph 3, as well as defendant D K Corkrans affidavit page 2, last paragraph, that plaintiff was fully compliant, did not struggle, and followed all commands of the arresting officer, then any force applied to the plaintiff after a non-resisting arrest was not in good faith to maintain or restore discipline, as none was needed. It therefore becomes reasonable to believe the the force D K Corkran applied, by kicking a handcuffed, fully compliant, plaintiff, was maliciously, and sadistically applied for the very purpose of causing harm. <u>Lewis and Downs 1985 C A 6 Tenn 774 F 2d 711.</u>

13. <u>Plaintiff's response to part 3 Qualified Immunity heading, page 7</u>. At no time is any police officer covered by Quailified Immunity when committing a felony. Since assault 2nd degree is a felony, Cpl D K Corkran has no standing as far as Qualified Immunity is concerned. He was trained at the Police Acadamy in basic criminal law 13 . Any reasonable person would know assault goes beyond his discretionary authority.

14. <u>Plaintiff's response to part 3 Qualified Immunity heading , page 7, paragraph 2</u> It is never in the scope of Cpl. D. K. Corkran's discretionary function as a police officer to commit a felony assault on any person so any arguments as to whether Plantiff's constitutional rights is clear is without merit. The criminal courts have determined that assault is a criminal offense. The Plantiff is protected under the 14th Amendment clause of equal protection under the law.

15. <u>Plaintiff's response to Part 3, Qualified Immunity heading, page 8, 1st paragraph</u>. It is clear to any reasonable officer that to kick a person and fracture two ribs is a crime of assault, and unlawful on a handcuffed,

prone suspect, in full control of the arrestting officer, offering no resistance to the officer.

16. <u>Plaintiff's response to part 4, Supervisor's liability, page 9, paragraphs 1 & 2.</u> The court should determine any Supervisor's liability in so far as defendant Chief Art Baylor approved the training of officers in their responsibilities to the public during an arrest of suspects, also, if Cpl. D. K. Corkran denies he had a clear understanding of what is against criminal law but was allowed to enforce the laws of the State, then it is clear that the defendant Art Baylor was irresponsible to allow Cpl. D. K. Corkran to be enforcing the laws of the State. As well, defendant Art Baylor was negligent after the fact when he received the original complaint and viewed the car camera film of the arrest but took no action against defendant D. K. Corkran. The Plantiff is content to allow this court to determine Art Baylor's supervisory liability.

In The United States District Court for
The Middle District of Alabama
Northern Division

Thomas Daniel Veitch           >    Case No. 2:08-cu-0043 MEF
AIS180586                      >    Plaintiff's response to defendeants
    Plaintiff           >    answers on grounds 1 throough 3
      vs                >    page 9 & 10
D. K. Corkran, et al.          >    as per Rule 7A (F.R.C.V.P.)
    Defendant           >
                               >
_____>

STATE OF ALABAMA
COUNTY OF MONTGOMERY

1. **Response of plantiff to defendants answer.** The compact disk of footage from Cpl. D.K. Corkran's car dash camera film held by the court, should be viewed by the Plaintiff, Defendant and court's magistrate to determine if the plaintiff's claims in his origianl civil action stated in grounds 1 through 3, have probative value to establish that an assault by Cpl. D. K. Corkran in fact took place.

2. **In grounds 3, page 10 of the defendant's answer** there is no denial to the allegation of Plaintiff's original complaint - Ground 3, thus the presumption rule 301 should be enforced showing that Plantiff's claims in ground 3 of the origianal complaint, are taken as true facts.

3. **Plaintiff's jury demand.** The Plaintiff Thomas Veitch also demands a trial by struck jury on all issues so triable.

I hearby certify That I have mailed a copy of the above and foregoing Response to Defendants written report and Answer filed on march 13 2008 by placing a copy of same in the United States mail postage paid on this the 7 day of April, 2008 to the following defendants

Chief Art Baylor
Montgomery Police Department
320 N. Ripley St
Montgomery AL 36104

Corporel D.K. Corkran
2nd shift patrol,
Montgomery Police Dept
320 N. Ripley St
Montgomery AL 36104

Thomas D. Veitch 180586
Plaintiff Pro Se
Thomas O. Veitch 180586

In The United States District Court for
The Middle District of Alabama
Northern Division

| | | |
|---|---|---|
| Thomas Daniel Veitch<br>AIS180586<br>    Plaintiff<br>vs<br>D. K. Corkran, et al.<br>    Defendant | ><br>><br>><br>><br>><br>><br>> | Case No. 2:08-cu-0043 MEF<br>AFFIDAVIT of Thomas Daniel Veitch<br>AIS180586<br>as Per Rule 6c(F.R.C.U.P. |

STATE OF ALABAMA
COUNTY OF MONTGOMERY

In person Thomas Daniel Veitch comes before this court and states under oath as follows: I have personal knowledge of the facts set forth in this affidavit. I am an adult resident citizen of the State of Alabama and am competent to give this affidavit.

On Thursday, October 26, 2006 I was driving on Sumter Avenue. I turned onto Federal Drive and passed a police vehicle going in the opposite direction. The police vehicle then made a turn and fell in behind me. I then turned onto Crestview Drive and then proceded to make a right turn onto Fairground Road.

I sped up to lose pursuit of the police car. Cpl. D. K. Corkran was driving. As I approached the railroad crossing on Fairground Rd., I turned left onto the railroad tracks. The steep grade of the tracks caused my car to go into a long ditch running parallel to the tracks.

I continued to drive in the ditch until I reached East St. which I believed was a dead end. I spun out 180 degrees and headed through a front yard back toward Powell Lane. While going through the front yard I hit a culvert of about 1-1.5 ft. depth which sent my car airborne and out of control. As I touched down on Powell Lane, Unit 205, Officer Caldwell's vehicle performed a pursuit stop maneuver by crashing into my right front fender, disabling my car which came to rest in the ditch by the tracks, nose first.

At this point Cpl. Corkran approached the driver's side of my car and ordered me at gunpoint to exit the vehicle. I had my hands raised and asked if I could remove my seatbelt to get out. He told me to take it off and get out; I removed my seatbelt and exited my vehicle from the driver's side of the car. I immediately got on the ground, hands spread, at which point Cpl. Corkran got on my back and handcuffed me.

I followed all orders and offered no resistance to arrest. Once I was handcuffed and still laying face down, Cpl. Corkran got off my back on my right side, stepped back one step and kicked me on my right side upper chest under my right arm. This assault fractured two ribs for which I was later treated at Jackson Hospital Emergency.

Then Cpl. Corkran got back on my back, put his head close to the left side of my head and said," I'll kill you, I don't give a f__k about you". I was then placed in the patrol car.

State of Alabama
County of Montgomery

Thomas Daniel Veitch 180586

Sworn to and Subscribed before me this the 7th day of April, 2008

Notary Public Cynthia Butler

Thomas Veitch 180586
Dorm H Bed 47A
Po Box 150
Mt. Meigs AL 36057



MONTGOMERY AL 361

Office of the Clerk
United States District Court
Po Box 711
Montgomery AL. 36101-0711

from an Alabama inmate of [illegible]. The contents
have not been evaluated, and the Alabama
Department of Corrections is not responsible
for the substance or content of the enclosed
communication."